IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MDM GROUP ASSOCIATES, INC., a Delaware Corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 10-0234-CG-B ) |
| L.A. REAL ESTATE, an Alabama limited Liability company, DEBBIE HARPER; JOHN HARPER; and CAROL PETERS, | ) ) ) ) ) |
| Defendants | |

## ORDER

This matter is before the court on the motion of MDM Group Associates, Inc. ("MDM") for default judgment as to L.A. Real Estate. (Doc. 19). For the reasons discussed below, the court finds it appropriate to award MDM $150,000.00 in statutory damages for L.A. Real Estate's willful copyright infringement, a permanent injunction against any future infringement, and attorneys fees and costs in the amount of $19,212.85. However, the court questions the amount of actual damages requested by MDM and finds that a hearing is necessary to determine that amount. Therefore a hearing will be set to determine the amount of actual damages MDM is entitled to receive from L.A. Real Estate.

## FACTS

Default was entered by the clerk against L.A. Real Estate on July 7, 2010. (Doc. 14). Defendant moved for default judgment seeking (1) statutory damages for willful copyright infringement, (2) actual damages for violation of section 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a) as well as for common law unfair competition, (3) a permanent injunction against any future infringement, and (4) attorneys fees and costs.

At issue in this litigation is an original product reportedly created and copyrighted by MDM and known as the Peace of Mind Security Deposit Waiver Program. The waiver program was developed to provide customers with a low cost alternative to security deposits on vacation rental properties. On or about April 25, 2007, L.A. Real Estate reportedly submitted an application to use the waiver program in conjunction with 2,500 vacation rentals per year and MDM opened an account for L.A. Real Estate effective May 1, 2007. MDM provided L.A. Real Estate with original materials and text relating to the waiver program. Under L.A. Real Estate's rental agreement, the waiver program was provided to all their guests and its guests were charged a $45.00 fee for participation in the mandatory program. L.A. Real Estate reportedly failed to pay MDM any fees and failed to perform its other obligations under the waiver program. As a result, MDM canceled L.A. Real Estate's participation in the waiver program on December 15, 2007. However, L.A. Real Estate allegedly continued to represent to its prospective and actual guests that it was providing MDM's waiver program product. L.A. Real Estate copied the MDM waiver program and used MDM's copyrighted materials to market a security deposit waiver program substantially similar to or the same as MDM's waiver program. MDM notified L.A. Real Estate that its continued use of the waiver program and related materials constituted infringement of MDM's copyright and demanded that they cease using the program immediately but, L.A. Real Estate reportedly ignored the demand. L.A. Real Estate reportedly edited its vacation rental documents to delete all references to MDM and to MDM's copyright ownership and falsely designated the waiver program as originating with L.A. Real Estate.

**DISCUSSION**

The effect of a default is that the defendant admits the plaintiff's well pleaded allegations of fact. See Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Although a defaulted defendant admits well pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the court determines the amount and character of damages to be awarded. See 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE, 2688 (3d ed. 1998).

MDM elects to recover statutory damages for all copyright infringements related to the waiver program. Defendant request that the court award $150,000.00 in statutory damages. Under 17 U.S.C. § 504(c), the court has discretion to award a maximum of $150,000.00 in statutory damages if the infringement was committed willfully. In this case the facts clearly indicate that the infringement was willful and the court finds it appropriate to award $150,000.00 in statutory damages for the willful copyright infringement alleged in this matter.

Under the Lanham Act and common law unfair competition, MDM seeks actual damages in the amount of $365,625.00. This amount represents the total sum L.A. Real Estate received from its 2,500 rentals per year at $45 each from the period from May 1, 2007 until August 1, 2010. While the calculations appear accurate, the court finds it questionable whether MDM is using the proper time period for damages. Although L.A. Real Estate began using MDM's program on May 1, 2007, it appears that they were doing so with MDM's permission until December 15, 2007, when MDM canceled L.A. Real Estate's participation in the waiver program. Presumably, before that time, L.A. Real Estate's use of the program and materials would not be a violation of the Lanham Act, but instead a breach of contract for their failure to pay or perform under the program. MDM alleges under the Lanham Act that L.A. Real Estate's advertising materials contain a false

designation of the origin of the products and services and contain false or misleading representations which are likely to confuse or deceive as to their affiliation with MDM or its program. Under the facts offered by MDM it appears that L.A. Real Estate was in fact affiliated with MDM until MDM canceled their account on Dec. 15, 2007. L.A. Real Estate did not claim the program to be their own until MDM canceled their account. MDM has offered no explanation or legal citation to support a recovery of damages under the Lanham Act or common law unfair competition during a period when the alleged transgressor was using the materials with the plaintiff's permission. As such, the court believes a hearing on this issue may be necessary to determine the proper amount of damages.

As for the injunction sought by MDM, the court after review of the record finds it appropriate to grant MDM a permanent injunction against any future infringement of the copyrighted waiver program by L.A. Real Estate.

The court also finds that the requested attorneys fees and costs appear to be reasonable and necessary for the prosecution of this case against L.A. Real Estate. Therefore the court will award MDM attorneys fees and costs in the amount of $19,212.85.

## CONCLUSION

For the reasons stated above, the court the court finds that plaintiff is entitled to a permanent injunction against L.A. Real Estate, as well as statutory damages in the amount of $150,000.00 for copyright infringement and attorneys fees and costs in the amount of $19,212.85. However, the court finds that a hearing is necessary to determine the amount of actual damages plaintiff's is entitled to recover from L.A. Real Estate under its Lanham Act and common law unfair competition

claim. Accordingly, a hearing is hereby set for Friday, **December 17, 2010 at 9:30 a.m.** in Courtroom 2B, United States Courthouse, Mobile, Alabama.

      **DONE and ORDERED** this 14th day of December, 2010.

                              /s/   Callie V. S. Granade
                             UNITED STATES DISTRICT JUDGE